**ORIGINAL VIA FAX**

FILED
08 JAN 18 PM 4:16
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:  DEPUTY

1  STEVEN SKLAVER (237612)
   SUSMAN GODFREY L.L.P.
2  1901 Avenue of the Stars, Suite 950
   Los Angeles, California 90067-6029
3  Telephone: (310) 789-3100
   Facsimile: (310) 789-3150
4  E-Mail: ssklaver@susmangodfrey.com

5  ERIC MAYER (Pro Hac Vice pending)
   SUSMAN GODFREY L.L.P.
6  1000 Louisiana, Suite 5100
   Houston, Texas 77002-5096
7  Telephone: (713) 651-9366
   Facsimile: (713) 654-6666
8  E-Mail: EMayer@susmangodfrey.com

9  Attorneys for Defendant Texas Instruments Incorporated

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRAM TOOMARIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>ARTECH INFORMATION SYSTEMS, LLP, TEXAS INSTRUMENTS INC., and DOES 1-50; Inclusive,<br><br>    Defendants. | Case No.: '08 CV 0113 J LSP<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)**<br><br>[San Diego Superior Court Case No. 37-2007-00082616-CU-WT-CTL] |

812146v1/010414

Defendant Texas Instruments Incorporated ("Texas Instruments") hereby gives notice of the removal of the above-entitled action from Superior Court of the State of California, County of San Diego, Case No. 37-2007-00082616-CU-WT-CTL to the United States District Court, Southern District of California and states as follows:

1. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, within the original jurisdiction of the federal courts pursuant to 28 U.S.C. § 1332(a)(1) and removable pursuant 28 U.S.C. § 1441(a).

2. On December 6, 2007, an action was commenced in the Superior Court of the State of California in and for the City and County of San Diego, entitled Shahram Toomarian, Plaintiff, vs. Artech Information Systems, LLP, Texas Instruments, Inc., and Does 1-50, Defendants, as Case Number 37-2007-00082616-CU-WT-CTL (the "State Action"). A copy of the complaint is attached hereto as Exhibit A.

3. Texas Instruments was served with a copy of the complaint filed in the State Action and a summons from the state court via regular mail that was postmarked December 11, 2007, and under California law, the service was deemed effective on December 21, 2007. *See* Code Civ. P. § 415.20. A copy of the summons is attached hereto as Exhibit B.

4. Based upon a review of the state court file as of January 16, 2008, and on information and belief, no other defendant has been served with any summons or complaint in the State Action.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and is one which may be removed to this Court by Texas Instruments pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because plaintiff sent Texas Instruments a pre-removal settlement letter that stated that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction under 28 U.S.C. § 1332. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement letter "is sufficient to establish the amount in controversy"). A true and correct copy of plaintiff's

812146v1/010414

settlement letter is attached as Exhibit 1 to the January 18, 2008 Declaration of Steven G. Sklaver ("Sklaver Decl.") filed concurrently with this notice, in which plaintiff estimated damages between $800,000 and $1,000,000, and offered to settle the matter for $250,000.

6. Plaintiff alleges that he is a citizen of the state of California. *See* Ex. A (State Action Complaint) at ¶ 1.

7. Plaintiff's allegations, made on information and belief, incorrectly allege the citizenship of the defendants. *Id.* ¶¶ 2-3.

8. Defendant Texas Instruments is a citizen of Delaware and Texas, because Texas Instruments is incorporated in Delaware and has its principal place of business in Dallas, Texas. *See* Sklaver Decl., Ex. 2 (Texas Instruments Form 10-K); Ex. 3 (Texas Instruments Investor FAQ).

9. Defendant Artech Information Systems is a citizen of New Jersey, because Artech Information Systems is incorporated in New Jersey and has its principal place of business in Cedar Knolls, New Jersey. *See* Sklaver Decl., Ex. 4 (Artech Corporate Web Page profile); Ex. 5 (Artech New Jersey Status Report).

10. Because the State Action is pending in the Superior Court of the State of California in and for the City and County of San Diego, removal of this action to this District Court is proper under 28 U.S.C. § 1446(a).

11. Written notice of the filing of this Notice of Removal will be promptly served on plaintiff. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California in and for the City and County of San Diego as soon as practicable.

///

///

812146v1/010414

WHEREFORE, defendant Texas Instruments Incorporated requests that the above-entitled action be removed from the Superior court of the State of California, County of San Diego, to this District Court.

Dated: January 18, 2008

SUSMAN GODFREY LLP

By: *Steven Sklaver* (signature)
Steven G. Sklaver
Attorneys for Texas Instruments Incorporated

3

812146v1/010414

# EXHIBIT A

DEC-13-07   12:48PM   FROM-Time Machine SD           +6193999115         T-994  P.002/007  F-769

MICHAEL P. SOUSA, Bar No. 229416
LAW OFFICES OF MICHAEL P. SOUSA
3232 Governor Dr., Suite A
San Diego, CA 92122
T: (858) 453-6122, ext. 10
F: (858) 453-2155

Attorney for Plaintiff SHAHRAM TOOMARIAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SHAHRAM TOOMARIAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARTECH INFORMATION SYSTEMS, LLP, TEXAS INSTRUMENTS, INC., and DOES 1-50; Inclusive,<br><br>　　　　Defendants. | Case No. 37-2007-00082616-CU-WT-CTL<br><br>COMPLAINT FOR NATIONAL ORIGIN/ANCESTRY DISCRIMINATION AND WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>JURY TRIAL DEMANDED |

Plaintiff SHAHRAM TOOMARIAN complains and alleges as follows:

## PARTIES

1.　Plaintiff SHAHRAM TOOMARIAN is, and at all times relevant hereto was, a resident of the State of California, County of San Diego.

2.　Plaintiff is informed and believes and thereby alleges that Defendant ARTECH INFORMATION SYSTEMS, LLP (hereinafter "ARTECH") is, and at all times relevant hereto was, an entity organized and existing under the laws of a state unknown, registered to do business in California, with a principal place of business in the County of San Diego, State of California.

1
Complaint

DEC-13-07   12:48PM   FROM-Time Machine SD                +6193386115           T-884   P.003/007   F-766

3.  Plaintiff is informed and believes and thereby alleges that Defendant TEXAS INSTRUMENTS, INC. (hereinafter "TI") is, and at all times relevant hereto was, an entity organized and existing under the laws of a state unknown, registered to do business in California, with a principal place of business in the County of San Diego, State of California.

4.  The true names and capacities of the Defendants named herein as DOES 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474. Plaintiff is informed and believes that DOE Defendants are California residents. Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

5.  Plaintiff is informed and believes, and thereby alleges that each of the Defendants herein was at all times relevant hereto the agent, employee, or representative of the remaining Defendants and was acting at least in part within the scope of such relationship.

### FACTS COMMON TO ALL CAUSES OF ACTION

6.  Plaintiff is a man of Iranian national origin and ancestry. In or about April, 2006, Defendant ARTECH offered Plaintiff a position as a developer at Defendant TI'S facility in San Diego, California. Plaintiff accepted the position and began work as a developer for TI on or about May 15, 2006.

7.  Under California law, Defendants ARTECH and TI are both "dual employers" of Plaintiff.

8.  On the first day Plaintiff began work at TI, Plaintiff's supervisor required that he fill out an online questionnaire as a prerequisite to gain access to certain development and software tools necessary for him to complete his job. In order to complete this questionnaire, it was necessary that Plaintiff reveal his country of origin. Plaintiff's country of origin, Iran, was not on the list of countries on the questionnaire, nor was there a box marked "other." Plaintiff therefore could not complete the questionnaire and gain access to the necessary development and software tools.

9.  Plaintiff complained to his supervisor that Iran was not on the list of countries to

2
Complaint

check off and that he was therefore denied access to the development and software tools. Plaintiff was simply told to follow up on the matter with IT staff. Plaintiff did so, and TI's IT staff told Plaintiff that TI had removed Iran from the list because of concerns that customers would view the country negatively.

10. Plaintiff complained that he would be unfairly denied equal opportunity based on the exclusion of Iranians from the required questionnaire and requested further assistance in solving the problem. Plaintiff's supervisor made no effort to address the problem and instead took a "wait and see" approach.

11. After being singled out as Iranian because he had problems filling out the questionnaire, Plaintiff's supervisor treated him less favorably than his co-workers. Plaintiff was denied access to necessary software and development tools that his co-workers had access to, he was not included in phone calls and staff meetings, and he was given little professional support and supervision from his supervisors. Plaintiff's supervisor subjected Plaintiff's legal status to a great deal of scrutiny, in ways his co-workers were not subjected to. Throughout this adversity, Plaintiff continued to work diligently and at a high level of performance.

12. After less than a month and a half at TI, Plaintiff was discharged on or about June 22, 2006. Plaintiff had received no disciplinary warnings or notice prior to this termination.

### FIRST CAUSE OF ACTION

(Continuing National Origin/Ancestry Discrimination in Violation of California Govt. Code § 12940 et seq. against Defendants ARTECH INFORMATION SYSTEMS, LLP and TEXAS INSTRUMENTS, INC. and DOES 1-50)

13. Plaintiff hereby realleges, and incorporates by reference herein, each and every preceding paragraph of this complaint.

14. Plaintiff is, and at all times material hereto has been, an employee covered by California Government Code section 12940 prohibiting discrimination in employment on the basis of national origin/ancestry.

15. Defendants are, and at all times material hereto have been, employers within the meaning of California Government Code section 12926(c) and, as such, barred from

1  discriminating in employment decisions on the basis of national origin/ancestry as set forth in
2  California Government Code section 12940.
3      16.   Plaintiff is of Iranian national origin/ancestry. Furthermore, Defendants have at
4  all times relevant hereto regarded Plaintiff as being of Iranian national origin/ancestry.
5      17.   Defendants have continually discriminated against Plaintiff because of his
6  national origin/ancestry in violation of California Government Code section 12940 et seq. by
7  engaging in a course of conduct which included but is not limited to the conduct set forth above.
8      18.   Plaintiff filed timely charges of continuing national origin/ancestry discrimination
9  with the Department of Fair Employment and Housing and has received right to sue notices
10 pursuant to California Government Code section 12965(b) permitting him to bring this action.
11 Therefore, Plaintiff has exhausted all of his administrative remedies.
12     19.   As a proximate result of Defendants' continuing discrimination against Plaintiff,
13 Plaintiff has suffered losses in earnings, bonuses, deferred compensation and other employment
14 benefits, and suffered, and continues to suffer, embarrassment, humiliation and mental anguish
15 all to his damage in an amount according to proof.
16     20.   Defendants committed the acts alleged herein maliciously, fraudulently and
17 oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive
18 amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to
19 recover punitive damages from all Defendants in an amount according to proof.
20     21.   As a result of Defendants' continuing discrimination as alleged herein, Plaintiff is
21 entitled to reasonable attorneys' fees and costs of suit as provided by California Government
22 Code section 12965(b).
23     WHEREFORE, Plaintiff requests relief as hereinafter provided.
24                    **SECOND CAUSE OF ACTION**
25   **(Wrongful Termination in Breach of Public Policy Against Defendants ARTECH INFORMATION SYSTEMS, LLP and TEXAS INSTRUMENTS, INC. and DOES 1-50)**
26
27     22.   Plaintiff hereby realleges and incorporates by reference herein each and every
28 preceding paragraph of this complaint.

4
Complaint

DEC-13-07   12:51PM   FROM-Time Machine SD           +6193388115          T-984  P.006/007  F-769

23. Fundamental public policies are embodied in the California Fair Employment and Housing Act, prohibiting discrimination against workers on the basis of national origin/ancestry.

24. Defendants, individually and through their officers, partners, agents, and/or employees acting within the scope of their employment, wrongfully terminated Plaintiff because, at least in part, of his national origin/ancestry.

25. As a proximate result of Defendants' wrongful acts against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits. Plaintiff has also suffered and continues to suffer emotional distress all to his damage in an amount according to proof.

26. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

WHEREFORE, Plaintiff requests relief as follows:

1. For damages according to proof including loss of earnings, deferred compensation and other employment benefits;

2. For compensatory damages for losses resulting from humiliation, mental anguish, harm to reputation, and emotional distress according to proof;

3. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rates;

4. For punitive damages against all Defendants according to proof;

5. For reinstatement of Plaintiff to the position from which he was wrongfully terminated, or a comparable position, in Defendant's organization and all benefits attendant thereto that would have been afforded Plaintiff but for said unlawful termination, and with reasonable accommodation of his disabilities;

6. That Defendants, their agents, successors, employees and those acting in concert, be enjoined permanently from engaging in each of the unlawful practices, policies, usages and

DEC-13-07   12:52PM   FROM-Time Machine SD                +6193386115        T-884   P.007/007   F-769

1  customs set forth herein;

2     7.  For costs of suit including reasonable attorneys' fees (as appropriate); and

3     8.  For such other and further relief as the Court may deem proper.

6  Dated: December 5, 2007

By: _____
Michael P. Sousa
Attorney for Plaintiff
SHAHRAM TOOMARIAN

6
Complaint

# EXHIBIT B

| | SUM-100 |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* <br> **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> ARTECH INFORMATION SYSTEMS, LLP, TEXAS INSTRUMENTS, INC., and DOES 1 - 50; Inclusive. <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> SHAHRAM TOOMARIAN | FOR COURT USE ONLY <br> *(SOLO PARA USO DE LA CORTE)* |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate those nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> San Diego Superior Court, Central Division <br> 330 West Broadway, San Diego, CA 92101 | CASE NUMBER: <br> *(Número del Caso)* <br> 37-2007-00082616-CU-WT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Michael P. Sousa, Law Offices of Michael P. Sousa, 3232 Governor Dr., Suite A, San Diego, CA 92122, (858) 453-6122

| DATE: <br> *(Fecha)* DEC 6 2007 | Clerk, by IMELDA CALIHALIM , Deputy <br> *(Secretario)* *(Adjunto)* |
|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. January 1, 2004]     **SUMMONS**     Code of Civil Procedure §§ 412.20, 465

Exhibit B, Page 10

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On January 18, 2008, I served the foregoing document(s) described as follows:

**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

__XX__ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY FAX
I served by facsimile as indicated on the attached service list.

_____ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on January 18, 2008, at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Helen Danielson                          /s/ Helen Danielson
(Type or Print Name)                     (Signature)

812146v1/010414

## SERVICE LIST

Michael P. Sousa,
Law Offices of Michael P. Sousa
3232 Governor Dr., Suite A
San Diego, California 92122

Attorney for Plaintiff Shahram Toomarian

812146v1/010414

**●ORIGINAL**  **●VIA FAX**

JS 44 (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
SHAHRAM TOOMARIAN

### DEFENDANTS
ARTECH INFORMATION SYSTEMS, LLP, TEXAS INSTRUMENTS, INC.

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Morris County, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 0113 J LSP

(c) Attorney's (Firm Name, Address, and Telephone Number)

Michael P. Sousa
Law Offices of Michael P. Sousa
3232 Governor Dr., Suite A
San Diego, CA 92122

Attorneys (If Known)

Steven G. Sklaver (237612)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029

FILED '08 JAN 18 PM 4:16 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury—Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [X] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1441 et seq
Brief description of cause:
Discrimination and wrongful termination

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Not specified
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

### VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND  [ ] SAN JOSE

DATE: 1/17/08
SIGNATURE OF ATTORNEY OF RECORD: /s/ Steven Sklaver

PAID $350 1/18/08 BM RCPT# 146656

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 146656      - BH

         January 18, 2008
              16:15:55


         Civ Fil Non-Pris
   USAO #.: 08CV0113 CIVIL FILING
   Judge..: NAPOLEON A JONES, JR
   Amount.:                $350.00 CK
   Check#.: BC# FF50891



       Total->  $350.00


   FROM: TOOMARIAN V. ARTECH INFO SYS.
         CIVIL FILING
```