STEVEN SKLAVER (237612)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
E-Mail: ssklaver@susmangodfrey.com

ERIC MAYER *(Pro Hac Vice)*
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
E-Mail: emayer@susmangodfrey.com

Attorneys for Defendant Texas Instruments Incorporated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHRAM TOOMARIAN,<br><br>Plaintiff,<br><br>vs.<br><br>ARTECH INFORMATION SYSTEMS, LLP, TEXAS INSTRUMENTS INC., and DOES 1-50; Inclusive,<br><br>Defendants. | Case No.: 08 CV 0113 J LSP<br><br>**ANSWER TO COMPLAINT**<br><br>[San Diego Superior Court Case No. 37-2007-00082616-CU-WT-CTL] |

Defendant Texas Instruments Incorporated ("TI") hereby answers the Complaint of plaintiff Shahram Toomarian as follows:

1. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Complaint.

2. TI denies that the entity alleged in the Complaint "ARTECH INFORMATION SYSTEMS, LLP" is registered to do business in California, but admits that the entity Artech Information Systems L.L.C. is registered to do business in California, and TI will admit or deny all remaining allegations in the Complaint that refer to "ARTECH INFORMATION SYSTEMS, LLP" under the assumption that the allegations pertain to Artech Information Systems L.L.C. ("Artech"). TI denies the remaining allegations contained in paragraph 2 of the Complaint, including all allegations not specifically admitted above.

3. TI denies that its proper corporate name is, as alleged in the Complaint, "TEXAS INSTRUMENTS, INC.", and will admit or deny all remaining allegations in the Complaint that refer to "TEXAS INSTRUMENTS, INC." under the assumption that the allegations pertain to Texas Instruments Incorporated. TI admits that it is registered to do business in California. TI denies the remaining allegations contained in paragraph 3 of the Complaint, including all allegations not specifically admitted above.

4. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5. TI denies each and every allegation contained in paragraph 5 of the Complaint.

6. TI admits that Plaintiff's Permanent Resident Card states that his country of birth is Iran, and on that basis admits that Plaintiff is a man of Iranian national origin and ancestry. TI admits that TI contracted with Artech to provide an experienced engineer capable of performing embedded systems software development work on a short-term basis, that Plaintiff was the individual Artech assigned to perform that work, and that the assignment began on May 15, 2006. TI denies the remaining allegations contained in paragraph 6 of the Complaint, including all allegations not specifically admitted above.

**ANSWER TO COMPLAINT**

814791v1/010414

7. TI admits that Plaintiff was an employee of Artech. TI denies the remaining allegations contained in paragraph 7 of the Complaint, including all allegations not specifically admitted above and specifically denies that Plaintiff was an employee of TI.

8. TI admits that during the initial days of Plaintiff's assignment, when he applied for a password to gain access to technology and information which is restricted in compliance with the "deemed export" rule as provided for pursuant to United States export control laws, Plaintiff was unable to provide documentation to immediately verify that he was a permanent resident of the United States, and was sent home with pay until the proper documentation could be obtained and his request for access to the restricted technology could be approved. TI denies the remaining allegations contained in paragraph 8 of the Complaint, including all allegations not specifically admitted above.

9. TI denies each and every allegation contained in paragraph 9 of the Complaint.

10. TI denies each and every allegation contained in paragraph 10 of the Complaint.

11. TI denies each and every allegation contained in paragraph 11 of the Complaint.

12. TI admits that on June 22, 2006, TI released Plaintiff back to Artech. TI denies the remaining allegations in paragraph 12 of the Complaint as alleged against TI, including all allegations not specifically admitted above. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint as alleged against Artech.

13. TI incorporates herein its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. TI admits that Section 12940 of the California Government Code provides in part that "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California [f]or an employer, because of the . . .

**ANSWER TO COMPLAINT**

national origin, ancestry, . . . of any person . . . to discharge the person from employment . . . or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." TI admits that Plaintiff was an employee of Artech. TI denies the remaining allegations contained in paragraph 14 of the Complaint, including all allegations not specifically admitted above and specifically denies that Plaintiff was an employee of TI.

15. TI admits that Artech was Plaintiff's employer. TI denies that TI was Plaintiff's employer. TI denies the remaining allegations contained in paragraph 15 of the Complaint, including all allegations not specifically admitted above.

16. TI admits that Plaintiff's Permanent Resident Card states that his country of birth is Iran, and on that basis admits that Plaintiff is a man of Iranian national origin and ancestry. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 16 of the Complaint as alleged against Artech. TI denies the allegations in the second sentence of paragraph 16 of the Complaint as alleged against TI.

17. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 17 of the Complaint as alleged against TI.

18. TI admits that on or about September 30, 2006, Plaintiff filed a Charge of Discrimination with the Department of Fair Employment and Housing, and that on or about October 5, 2006, Plaintiff received a right to sue notice stating that according to Government Code section 12965, subdivision (b), Plaintiff could bring a civil action under the provisions of the Fair Employment and Housing Act. TI denies the remaining allegations contained in paragraph 18 of the Complaint, including all allegations not specifically admitted above.

19. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 19 of the Complaint as alleged against TI.

20. TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 of the Complaint as alleged against Artech. TI

1  denies the allegations of paragraph 20 of the Complaint as alleged against TI.

2      21.  TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 21 of the Complaint as alleged against TI.

    22.  TI incorporates herein its responses to paragraphs 1 through 21 of the Complaint as if fully set forth herein.

    23.  TI denies the allegations of paragraph 23 of the Complaint.

    24.  TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 24 of the Complaint as alleged against TI.

    25.  TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 25 of the Complaint as alleged against TI.

    26.  TI lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 of the Complaint as alleged against Artech. TI denies the allegations of paragraph 26 of the Complaint as alleged against TI.

    27.  Plaintiff's requested relief is not an allegation and thus no response is required, but out of an abundance of caution, TI admits that plaintiff is requesting the relief as stated in the Complaint, and TI denies that plaintiff is entitled to any such relief.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the Complaint, rather than an element of an affirmative defense, TI alleges the following separate and independent affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

1.  The Complaint fails to allege facts sufficient to state a cause of action against TI, because, among other reasons and without limitation, Plaintiff entered into a binding arbitration

ANSWER TO COMPLAINT

814791v1/010414

agreement regarding any dispute in any manner related to the causes of action asserted in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
### (Intervening Acts and/or Omissions)

2. TI is informed and believes, and thereon alleges that all or part of the harm alleged in the Complaint was caused by the acts and/or omissions of other persons or entities for whose conduct TI is not legally responsible that intervened between the alleged acts and/or omissions of TI and alleged harm to Plaintiff. The relief Plaintiff may be entitled to recover against TI must be reduced to the extent that such harm is attributable to the intervening acts and/or omissions of persons or entitles (including, without limitation, Plaintiff) other than TI.

### THIRD AFFIRMATIVE DEFENSE
### (Comparative Fault)

3. TI is informed and believes, and thereon alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, Plaintiff) for whose conduct TI is not legally responsible that intervened between the alleged acts and/or omissions of TI and the alleged damages to Plaintiff, such that any such damages are not recoverable from TI or, in the alternative, any damages that Plaintiff may be entitled to recover must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities (including, without limitation, Plaintiff) other than TI.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4. TI is informed and believes, and thereon alleges that the claims in the Complaint are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to Allege Facts Sufficient to Justify Award of Punitive Damages)

5. TI is informed and believes, and thereon alleges that the Complaint fails to state acts sufficient to justify an award of punitive damages against TI.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages and Avoidable Consequences Doctrine)

ANSWER TO COMPLAINT

814791v1/010414

6. Upon information and belief, TI alleges that Plaintiff failed to mitigate his alleged damages, and to the extent of such failure to mitigate, in accord with the avoidable consequences doctrine, any damages awarded to Plaintiff should be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

7. Upon information and belief, TI alleges that the causes of action are barred by the after-acquired evidence doctrine.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8. TI is informed and believes, and thereon alleges that the claims in the Complaint are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE
### (Justification or Privilege)

9. TI's alleged actions, if done at all, were justified and/or privileged since, at all relevant times herein, TI acted in accordance with corporate and administrative policies.

### TENTH AFFIRMATIVE DEFENSE
### (Justification or Privilege)

10. TI's alleged actions, if done at all, were justified and/or privileged since, at all relevant times herein, TI acted in accordance with the applicable laws, including, without limitation, common law, and the laws of the United States of America (including, without limitation, the United States Export Control Laws) and of the State of California.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Mitigation)

11. TI is informed and believes, and thereon alleges that any actions complained of in the Complaint, if made or done at all, were made or done by TI in good faith, honestly, and not maliciously.

### TWELFTH AFFIRMATIVE DEFENSE
### (Estoppel)

12. TI is informed and believes, and thereon alleges that the claims in the Complaint are barred by the doctrine of estoppel.

ANSWER TO COMPLAINT

814791v1/010414

### THIRTEENTH AFFIRMATIVE DEFENSE
(Waiver)

13. TI is informed and believes, and thereon alleges that the claims in the Complaint were waived by Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Subsequently Discovered Defenses)

14. TI alleges as an affirmative defense that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

Dated: February 9, 2008                    SUSMAN GODFREY LLP


                                           By: _____
                                           Steven G. Sklaver
                                           Attorneys for Texas Instruments Inc.

ANSWER TO COMPLAINT

814791v1/010414

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1901 Avenue of the Stars, Suite 950, Los Angeles, California 90067-6029.

On February 15, 2008, I served the foregoing document(s) described as follows:

## ANSWER TO COMPLAINT

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list, as follows:

_____ BY MAIL:
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE:
I caused to be delivered such envelope by hand to the offices of the addressee.

_____ BY FEDERAL EXPRESS OR OVERNIGHT COURIER

_____ BY FAX
I served by facsimile as indicated on the attached service list.

__XX__ BY ELECTRONIC MAIL
I caused said documents to be prepared in portable document format (PDF) for e-mailing and served by electronic mail as indicated on the attached service list.

Executed on February 15, 2008, at Los Angeles, California

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__XX__ (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Eloisa Ball
(Type or Print Name)                              (Signature)

810835v1/010414

## SERVICE LIST

Michael P. Sousa
Law Offices of Michael P. Sousa
3232 Governor Dr., Suite A
San Diego, California 92122

Attorney for Plaintiff Shahram Toomarian

Clerk of the Superior Court

ANSWER TO COMPLAINT

814791v1/010414