1  Thomas S. Ingrassia, Esq., Bar No. 149673
   Tyler A. Theobald, Esq., Bar No. 254215
2  **PETTIT KOHN INGRASSIA & LUTZ PC**
   12250 El Camino Real, Suite 350
3  San Diego, CA 92130
   (858) 755-8500 / FAX (858) 755-8504
4  tingrassia@pettitkohn.com;
   ttheobald@pettitkohn.com
5

6  Attorneys for Defendant **ARTECH
   INFORMATION SYSTEMS, LLC**
7

8

9              **UNITED STATES DISTRICT COURT**

10            **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 SHAHRAM TOOMARIAN,                  | CASE NO.: 08-CV-0113-J-LSP

13              Plaintiff,

14 v.                                  | **DEFENDANT ARTECH INFORMATION
                                         SYSTEMS, LLC'S ANSWER TO
15 ARTECH INFORMATION SYSTEMS, LLP,     PLAINTIFF'S COMPLAINT**
   TEXAS INSTRUMENTS, INC., and DOES
16 1-50, Inclusive,                     | [San Diego Superior Court Case No. 37-2007-
                                         00082616-CU-WT-CTL]
17              Defendants.

18

19                  **INTRODUCTION**

20         COMES NOW, Defendant Artech Information Systems, LLC ("Defendant"), and through

21 its attorneys, Pettit Kohn Ingrassia & Lutz PC, answers Plaintiff Shahram Toomarian's

22 ("Plaintiff") Complaint ("the Complaint") and herein admits, denies, and alleges as follows:

23         1.    Defendant lacks sufficient knowledge and information to form a belief as to the

24 truth of the allegations contained in paragraph 1 of the Complaint.

25         2.    Defendant denies that any entity known as "ARTECH INFORMATION

26 SYSTEMS, LLP" is registered to do business in California, but admits that the entity "Artech

27 Information Systems L.L.C." is registered to do business in California.  Defendant will assume

28 for the purposes of admitting or denying the remaining allegations, that Plaintiff is referring to

                                      1

1    Artech Information Systems L.L.C. where Plaintiff states "ARTECH INFORMATION

2    SYSTEMS, LLP." Defendant admits that it is an entity organized and existing under the laws of

3    New Jersey, but denies its principle place of business is in the County of San Diego, State of

4    California.

5           3.      Defendant denies that any entity known as "TEXAS INSTRUMENTS, INC." is

6    registered to do business in California, but admits that the entity "Texas Instruments

7    Incorporated" ("TII") is registered to do business in California. Defendant will assume for the

8    purposes of admitting or denying the remaining allegations, that Plaintiff is referring to TII where

9    Plaintiff states "TEXAS INSTRUMENTS, INC." Defendant lacks sufficient knowledge and

10   information to form a belief as to the truth of the remaining allegations contained in paragraph 3

11   of the complaint.

12          4.      Defendant lacks sufficient knowledge and information to form a belief as to the

13   truth of the allegations contained in paragraph 4 of the Complaint.

14          5.      Defendant denies each and every allegation in paragraph 5 of the Complaint.

15          6.      Defendant lacks sufficient knowledge and information to form a belief as to the

16   nature of Plaintiff's national origin/ancestry. Defendant admits that on or about April 2006, it

17   offered Plaintiff a position as a developer at TII's facility in San Diego, CA. Defendant admits

18   that Plaintiff accepted the position and began work as a developer for TII on or about May 15,

19   2006.

20          7.      Defendant admits that under California law, Defendant and TII may be considered

21   "dual employers" under certain circumstances and with respect to certain obligations.

22          8.      Defendant lacks sufficient knowledge and information to form a belief as to the

23   truth of the allegations contained in paragraph 8 of the Complaint.

24          9.      Defendant lacks sufficient knowledge and information to form a belief as to the

25   truth of the allegations contained in paragraph 9 of the Complaint.

26          10.     Defendant lacks sufficient knowledge and information to form a belief as to the

27   truth of the allegations contained in paragraph 10 of the Complaint.

28   ///

2047-2021

DEFENDANT ARTECH INFORMATION SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

08-CV-0113-J-LSP

11.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12.     Defendant admits that TII discharged Plaintiff on or about June 22, 2006. Defendant lacks sufficient knowledge and information to form a belief as to whether Plaintiff received any disciplinary warnings or notice prior to his discharge.

13.     Defendant hereby incorporates its responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14.     Defendant admits the text and prohibitions contained in California Government Code section 12940. Defendant denies all other allegations contained in paragraph 14 not specifically admitted above.

15.     Defendant admits the text of California Government Code section 12926(c) and admits that it is an employer.

16.     Defendant lacks sufficient knowledge and information to form a belief as to the nature of Plaintiff's national origin/ancestry. Defendant denies that at all times relevant hereto it has regarded Plaintiff as being of Iranian national origin/ancestry. Defendant lacks sufficient knowledge and information to form a belief as to whether TII has at all times relevant hereto regarded Plaintiff as being of Iranian national origin/ancestry.

17.     Defendant denies each and every allegation contained in paragraph 16 of the Complaint.

18.     Defendant admits that on or about September 30, 2006, Plaintiff filed charges with the Department of Fair Employment and Housing ("DFEH") and on or about October 5, 2006, Plaintiff received a right to sue letter. Defendant denies all other allegations contained in paragraph 18 not specifically admitted above.

19.     Defendant, as to itself, denies each and every allegation contained in paragraph 19 of the Complaint. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint as to TII.

20.     Defendant, as to itself, denies each and every allegation contained in paragraph 20 of the Complaint. Defendant lacks sufficient knowledge and information to form a belief as to

3

1  the truth of the allegations of paragraph 20 of the Complaint as to TII.  Defendant lacks sufficient

2  knowledge and information to form a belief as to the truth of Plaintiff's allegations of damages.

3       21.     Defendant, as to itself, denies each and every allegation contained in paragraph 21

4  of the Complaint.  Defendant lacks sufficient knowledge and information to form a belief as to

5  the truth of the allegations of paragraph 21 of the Complaint as to TII.

6       22.     Defendant hereby incorporates its responses to paragraphs 1 through 21 of the

7  Complaint as if fully set forth herein.

8       23.     Defendant admits each and every allegation contained in paragraph 23 of the

9  Complaint.

10      24.     Defendant, as to itself, denies each and every allegation contained in paragraph 24

11  of the Complaint.  Defendant lacks sufficient knowledge and information to form a belief as to

12  the truth of the allegations of paragraph 24 of the Complaint as to TII.

13      25.     Defendant, as to itself, denies each and every allegation contained in paragraph 25

14  of the Complaint.  Defendant lacks sufficient knowledge and information to form a belief as to

15  the truth of each and every allegation of paragraph 25 of the Complaint as to TII.  Defendant

16  lacks sufficient knowledge and information to form a belief as to the truth of Plaintiff's

17  allegations of damages.

18      26.     Defendant, as to itself, denies each and every allegation contained in paragraph 26

19  of the Complaint.  Defendant lacks sufficient knowledge and information to form a belief as to

20  the truth of the allegations of paragraph 26 of the Complaint as to TII.  Defendant lacks sufficient

21  knowledge and information to form a belief as to the truth of Plaintiff's allegations of damages.

22                              **AFFIRMATIVE DEFENSES**

23      Defendant asserts the following affirmative defenses to the allegations in the Complaint:

24                          **FIRST AFFIRMATIVE DEFENSE**

25                          **(Failure to State Cause of Action)**

26      As a separate affirmative defense, Defendant alleges that the Complaint, and each and

27  every cause of action or purported cause of action contained therein, fails to state facts sufficient

28  to constitute a cause of action against Defendant.

4

DEFENDANT ARTECH INFORMATION SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

08-CV-0113-J-LSP

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate affirmative defense, Defendant alleges that Plaintiff, by his own acts and/or omissions, is estopped from recovering at all against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As a separate affirmative defense, Defendant alleges that Plaintiff, by his own acts and/or omissions, has waived his rights, if any, to recover against Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate affirmative defense, Defendant alleges that the causes of action contained in the Complaint, and each of them are barred by the doctrine of laches, in that Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate affirmative defense, Defendant alleges that by reason of his conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

As a separate affirmative defense, Defendant alleges that each and every cause of action set forth in the Complaint fails to state facts sufficient to support an award for punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Other Parties)

As a separate affirmative defense, Defendant alleges that, if Defendant is subjected to any liability by Plaintiff herein, it will be due in whole or in part to the intervening and superseding acts and/or omissions of other parties, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

2047-2021

DEFENDANT ARTECH INFORMATION SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

08-CV-0113-J-LSP

1

### EIGHTH AFFIRMATIVE DEFENSE

2

#### (Failure to Mitigate Damages)

3    As a separate affirmative defense, Defendant alleges that the damages allegedly suffered

4 by Plaintiff, if any, have been aggravated as a result of his failure to exercise reasonable diligence

5 to mitigate his damages, if any.  Defendant's liability, if any, must therefore be limited to the

6 amount of damages that would have been sustained if Plaintiff had exercised reasonable diligence

7 and appropriately mitigated his damages, if any.

8

### NINTH AFFIRMATIVE DEFENSE

9

#### (Comparative Fault)

10    As a separate affirmative defense, damages are barred and/or limited based on the doctrine

11 of comparative fault.

12

### TENTH AFFIRMATIVE DEFENSE

13

#### ("At-Will" Employment)

14    As a separate affirmative defense, Defendant alleges that Plaintiff, at all times during his

15 employment by Defendant, was an "at-will" employee as defined in California Labor Code

16 section 2922.  As such, Plaintiff's employment could be lawfully terminated at any time for any

17 reason, or no reason at all.

18

### ELEVENTH AFFIRMATIVE DEFENSE

19

#### (Failure to Fulfill Obligations)

20    As a separate affirmative defense, Defendant alleges that the Complaint, and each

21 purported cause of action therein, is barred by virtue of California Labor Code sections 2854 and

22 2856, respectively, in that Plaintiff failed to use ordinary care and diligence in the performance of

23 his duties and failed to comply substantially with the reasonable directions of his employer(s).

24

### TWELFTH AFFIRMATIVE DEFENSE

25

#### (Just Cause Termination)

26    As a separate affirmative defense, without admitting the allegations of the Complaint, and

27 without recognizing that Plaintiff's employment by Defendant was anything other than at the will

28 ///

2047-2021

6

1   of the parties pursuant to Labor Code section 2922, Defendant alleges that Plaintiff was

2   discharged for just cause and in the furtherance of Defendant's reasonable business interests.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

5   As a separate affirmative defense, Plaintiff's causes of action are barred by his failure to

6   exhaust his administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

9   As a separate affirmative defense, without admitting the allegations of the Complaint,

10  Defendant's alleged conduct was justified and privileged.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

13  As a separate affirmative defense, each of Plaintiff's causes of action is barred by the

14  after-acquired evidence doctrine.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

17  As a separate affirmative defense, Defendant alleges that it may have additional defenses

18  that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the fact that

19  Defendant does not have copies of certain documents bearing on Plaintiff's alleged contractual

20  claims and due to Plaintiff's failure to provide more specific information concerning the nature of

21  the damage claims and claims for certain costs which Plaintiff alleges Defendant may share some

22  responsibility.  Defendant therefore reserves the right to assert additional defenses upon further

23  particularization of Plaintiff's claims, upon examination of the documents provided, upon

24  discovery of further information concerning the alleged damage claims and claims for costs and

25  upon the development of other pertinent information.

26  ///

27  ///

28  ///

2047-2021

7

| | |
|---|---|
| 1 | ### SEVENTEENTH AFFIRMATIVE DEFENSE |
| 2 | **(Reservation of Right to Amend Answer)** |

3    As a separate affirmative defense, Defendant reserves the right to amend its answer

4    herein, including the addition of affirmative defenses after pleading and discovery in preparation

5    for trial.

6    WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

7    1.    That Plaintiff take nothing by way of his action;

8    2.    That Defendant be awarded costs of suit incurred herein; and

9    3.    For such other and further relief as the Court deems just and proper.

10                                    Respectfully submitted,

11                                    PETTIT KOHN INGRASSIA & LUTZ PC

12

13    Dated:  March 6, 2008            By:    /s/ Thomas S. Ingrassia, Esq.

14                                            Thomas S. Ingrassia, Esq.
                                             Tyler A. Theobald, Esq.

15                                           Attorneys for Defendant **ARTECH INFORMATION SYSTEMS, LLC**

16

17

18

19

20

21

22

23

24

25

26

27

28

2047-2021

DEFENDANT ARTECH INFORMATION SYSTEMS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

08-CV-0113-J-LSP